IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:24–CR–40 |
| vs. | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| SCOTT YOUNG, | |
| Defendant. | |

This matter is before the Court on Defendant Scott Young's Motion to Dismiss the Indictment. Filing 22. The Indictment includes one count alleging that Young unlawfully possessed ammunition despite knowing that he was a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Filing 1 at 1. Specifically, Count I of the Indictment charges the following:

> On or about November 9, 2023, in the District of Nebraska, SCOTT YOUNG, Defendant herein, having been convicted on August 16, 2020, in the District Court of Sarpy County, Nebraska, of a crime punishable by imprisonment for a term exceeding one year, to wit: possession of a controlled substance and transportation or possession of a short shotgun/rifle or machine gun, did knowingly possess in and affecting commerce, ammunition, which had been shipped and transported in interstate commerce, to wit: 250 12-gauge shotgun shells.
>
> In violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(8).

Filing 1 at 1.

The United States filed a response opposing Young's Motion to Dismiss. Filing 30. Having considered their respective submissions including the Defendant's evidentiary materials (Filing 35), other pertinent portions of the record, and the governing law, the Court concludes that Young's Motion is foreclosed by binding Eighth Circuit precedent. Because this Court is dutybound to apply the controlling law of this Circuit, his Motion is denied.

## I. BACKGROUND

According to Young's own Motion, police reports state that on November 9, 2023, "Scott Young entered a pawn shop in Omaha, Nebraska and sold 10 boxes each containing 25 shells of Federal 12-gauge ammunition for a total of $60." Filing 22 at 2. Young's Motion also states, "[v]ideos of the sale show Mr. Young providing the pawn-shop employee with a copy of his driver's license and agreeing to have his photo and fingerprint taken." Filing 22 at 2. There is no dispute that Young was a convicted felon at the time he allegedly possessed this ammunition. *See* Filing 22 at 1, 2, 11. A few months later, on February 21, 2024, a Grand Jury returned a single-count Indictment against Young for being a felon in possession of ammunition as prohibited by 18 U.S.C. § 922(g)(1). Filing 1.

## II. ANALYSIS

Relying principally on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Young argues that "the Government cannot meet its burden of proving that a permanent prohibition of firearm possession by non-violent felons is consistent with the history and tradition of firearm regulations in this country." Filing 22 at 11. However, he acknowledges, "[t]he Eighth Circuit has held that § 922(g)(1) is constitutional as applied to non-violent felons under *Bruen* because it comports with the history and tradition of firearm regulation in the United States." Filing 22 at 5 (citing *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023)). Young contends that the *Jackson* decision in particular is the product of "flawed" reasoning and is inconsistent with *Bruen*. Filing 22 at 5. However, he also concedes that *Jackson* is presently binding on this Court. Filing 22 at 5.[1]

---

[1] Indeed, it is clear from Young's Motion that he does not seek relief from this Court at this time. Young admits that he has filed this Motion in order "to preserve this issue for further review[.]" Filing 22 at 6.

2

In *Jackson*, the Eighth Circuit concluded that § 922(g)(1) was constitutional and "there is no need for felony-by-felony litigation" regarding its constitutionality. *Jackson*, 69 F.4th at 502.[2] Since *Jackson* was conclusively decided the Eighth Circuit has continued to adhere to its holding time and again. *See e.g.*, *United States Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (reiterating "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant" and that the "district court properly denied the motion to dismiss").[3] This past April, the Eighth Circuit considered an appellant's attempt to distinguish *Jackson* "on the basis that he was convicted of being a felon in possession of ammunition as opposed to being a felon in possession of a firearm." *United States v. Cameron*, 99 F.4th 432, 435 (8th Cir. 2024). Although it was reviewing for plain error, the Eighth Circuit rejected this argument, noting "that the right to possess a firearm implicates a corresponding right to possess the ammunition necessary to use it" and that "*Bruen* did not differentiate between regulations governing ammunition and regulations governing the firearms themselves." *Id.* The Eighth Circuit then concluded, "[g]iven the coextensive nature of these rights we discern no plain error." *Id.*

Like the defendant in *Cameron*, Young is also charged with being a felon in possession of ammunition rather than being a felon in possession of a firearm. However, both acts are proscribed under the same criminal statute—18 U.S.C. § 922(g)(1). In *Jackson*, the Eighth Circuit did not state there is no need for felony-by-felony litigation regarding the constitutionality of criminal

---

[2] Young notes in his Motion that although the petition for an en banc rehearing in *Jackson* was denied, several Eighth Circuit Judges dissented and would have taken the case up en banc. Filing 22 at 5. (citing *United States v. Jackson*, 85 F.4th 468 (8th Cir. 2023)).

[3] *See also United States v. Doss*, No. 22-3662, 2023 WL 8299064, at *1 (8th Cir. Dec. 1, 2023) (per curiam) (recognizing that "the law in this area is still in flux" but that the Eighth Circuit had already rejected Second Amendment challenges to § 922(g)(1) "in two recent cases"); *United States v. Bull*, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (per curiam) ("we have already held that § 922(g)(1) is constitutional").

3

statutes proscribing felons from possessing "firearms" specifically. *See Jackson*, 69 F.4th at 502. Rather, *Jackson* said, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.* (emphasis added). Moreover, even though the Court in *Cameron* was reviewing for plain error, nothing in that opinion suggests the defendant's attempt to distinguish *Jackson* would have been successful if only he had first raised such a challenge with the district court. Accordingly, the *Cameron* case does not advance Young's constitutional argument.

These Eighth Circuit rulings resolve the matter as far as this Court is concerned. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions" (internal quotation marks and citations omitted)); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (noting that a district court located within the Eighth Circuit is "bound . . . to apply the precedent of this Circuit"). The Court will not commit "fundamental error" by dismissing the Indictment on grounds the Eighth Circuit has expressly, repeatedly, and recently said do not warrant dismissal. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (describing the district court's failure to follow Eighth Circuit precedent as "fundamental error"); *Harrison v. United States*, No. 1:23-CV-00010-AGF, 2024 WL 1989023, at *5 (E.D. Mo. May 6, 2024) ("Simply put, the Eighth Circuit has roundly rejected challenges to the constitutionality of § 922(g)(1) following *Bruen*, and there is no basis to rule differently here").

### III.     CONCLUSION

For the reasons explained above, Young's Second Amendment challenge is foreclosed by binding precedent. Accordingly,

IT IS ORDERED: Young's Motion to Dismiss, Filing 22, is denied.

Dated this 4th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge